IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEREMY CHARLES HEIMBACH                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 5:23-cv-66-DCB-ASH

JAMES BRUMFIELD, ET AL.                                                              DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court sua sponte following the May 14, 2024 Omnibus Hearing, at which pro se plaintiff Jeremy Charles Heimbach failed to appear. For the reasons explained below, the undersigned recommends that Heimbach's case be dismissed.

I.   BACKGROUND

Heimbach claims in this lawsuit that his constitutional rights were violated while housed by the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 4–5. Heimbach filed this conditions-of-confinement case under 42 U.S.C. § 1983. *Id*. at 1. Heimbach names James Brumfield, Herbert Young, Richard Bynam, Valerie Wells, and Pike County, Mississippi, as Defendants. *Id*. at 1–2; Order [10] at 1.

On April 3, 2024, the undersigned set this matter for an Omnibus Hearing on May 14, 2024, at 10:30 AM in Courtroom 5D of the Thad Cochran United States Courthouse in Jackson, Mississippi. Order [20]. That Order was mailed to Heimbach at his last-known mailing address at the Pike County Jail. The envelope containing that Order [20] was returned as undeliverable. Mail Returned [21] at 1. Handwritten on the front was the word "released." *Id*. On May 8, 2024, the Pike County Sheriff's Office notified the Court via letter that Heimbach had been released on March 9, 2024. Notice of Release [24] at 1. The Court repeatedly notified Heimbach in prior Orders and documents that failure to notify the Court of a change of address

would result in the dismissal of this civil action. Order [13] at 1; Order [11] at 3; Order [7] at 3; Order [6] at 2; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-2] at 1.

On May 14, 2024, at 10:30 AM the hearing commenced as scheduled by the Order [20] entered on April 3, 2024. Defendants appeared through counsel. The undersigned noted that Heimbach was not present in the courtroom and asked the law clerk to call Heimbach's name three times in the hall outside the courtroom. Heimbach's name was then loudly called three times in the hallway outside the courtroom without a response. Heimbach did not appear for the hearing as ordered, nor did he contact the undersigned's chambers regarding his failure to appear.

Out of an abundance of caution, the undersigned then entered an Order to Show Cause [26] that directed Heimbach to respond by May 30, 2024. Heimbach was required to (1) explain why this case should not be dismissed for his failure to prosecute and failure to comply with the Court's orders and (2) provide the Court with his current address. Order to Show Cause [26] at 2. That Order [26] was mailed to Heimbach at his last-known address at the Pike County Jail. The envelope containing that show-cause Order [26] was returned as undeliverable. Mail Returned [29]. Heimbach has not complied, nor has he filed a notice of his current address.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must

2

be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Heimbach's last action in this case was when he filed a Motion to Amend [9] on December 28, 2023. Heimbach did not appear at the Omnibus Hearing held on May 14, 2024, and he has not contacted the Court to inquire about this case or to supply his current address. Heimbach was notified by the Court – and warned – on at least seven occasions that his failure to comply with a Court order or his failure to supply a current address could result in the dismissal of this case. *See* Orders [13] [11] [7] [6] [4] [3]; Notice of Assignment [1-2].

As the record demonstrates, Heimbach has been warned several times that his failure to keep the Court informed of his current address or his failure to comply would result in the dismissal of this case. The Court's repeated warnings reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be

3

effective.[1]  It is apparent that Heimbach no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  Indeed, the Notice of Release [24] indicates that Heimbach had been released for over nine weeks as of the May 14, 2024 Omnibus Hearing, but he had failed to notify the Court of a change of address.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Heimbach's failure to prosecute.  Additionally, the undersigned also recommends that this civil action be dismissed, without prejudice, for Heimbach's failure to comply with the Court's prior orders requiring him to notify the Court of a change of address.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court,

---

[1] The envelopes containing the Notice of Release [24], the Order [25] granting the Defendants' ore tenus motion to stay the requirement to provide a witness and exhibit list, and the Minute Entry for the Omnibus Hearing addressed to Heimbach at his last-known address at the Pike County Jail have all been returned as undeliverable.  Mail Returned [30] at 1; Mail Returned [28] at 1; Mail Returned [27].  The envelope containing the Notice of Release [24] also included a handwritten note "No longer here 5/10/24."  Mail Returned [27] at 1.

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

    RESPCTFULLY SUBMITTED, this the 6th day of June, 2024.

                                          *s/Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE